BRUNETTE, Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*September 29 — October 17, 1893.*

*Railroads: Accident at highway crossing: Contributory negligence.*

It is the duty of a traveler on a highway crossed by a railroad track, if he approaches the crossing when a moving train in close proximity thereto is also approaching it, to wait for the train before he crosses the track, and his failure to do so is negligence.

APPEAL from the Circuit Court for *Brown* County.

Action to recover damages for injuries alleged to have been caused by the negligence of defendant railway company. The facts are as follows: Broadway and Pearl streets, in the city of Ft. Howard, are parallel north and south streets, separated by the width of one block. The railroad of defendant company is laid along Pearl street for a distance of several blocks, when it diverges therefrom and crosses Broadway. At about 6 o'clock on the evening

of October 21, 1891, plaintiff drove his mare, harnessed to a cart in which he and his daughter were riding, along Broadway south towards the railroad crossing. At a point several blocks north of the crossing he saw a train of cars on the railroad going in the same direction. Although plaintiff drove his mare at a rate of speed, as he estimates, better than a mile in three minutes, the train passed him. It slowed for another railroad crossing, and the plaintiff passed it. Although the speed of the train was increased after passing such crossing, plaintiff kept in the lead. As he approached the Broadway crossing the speed of the mare slackened to a mile in three and a half or four minutes. When within forty or fifty feet of the crossing one wheel of his cart was broken down by a collision with a delivery wagon, which was being driven furiously from the other direction. Plaintiff stopped his mare as soon as he could, but not until she was on the railroad track. The train reached the crossing at the same time, and struck and killed the mare, damaged the cart and harness, and bruised the plaintiff.

This action is to recover damages for such injuries. On the trial the court refused to direct a verdict for defendant, and submitted to the jury all questions of negligence. The jury found for the plaintiff, and assessed his damages at $525. Defendant appeals from the judgment against it, entered pursuant to the verdict.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *F. C. Winkler*.

For the respondent there was a brief by *Cady & Huntington*, and oral argument by *F. C. Cady*.

LYON, C. J. We held in the case of *Dullea v. C. & N. W. R. Co.*, *ante*, p. 173, that it is the duty of the traveler on a highway crossed by a railroad track, if he approaches

Brunette vs. Chicago & Northwestern R. Co.

the crossing when a moving train in close proximity thereto is also approaching it, to wait for the train before he crosses the track, and that his failure to do so is negligence. That judgment rules the present case. Indeed, this is the stronger case of the two against plaintiff, for plaintiff in that case was embarrassed by the nervousness of his horse, and thought it the safer and better course to get him over the crossing ahead of the train, while no reasonable excuse appears for the attempt of the present plaintiff thus to cross the track. He denies that he was racing with the train, but it is certain that he was testing the speed of his mare by that of the train, with the fixed purpose of reaching and crossing the railroad track in front of it. From this purpose he did not swerve for a moment until his cart was wrecked by collision with a delivery wagon, and then it was too late to recede. That collision does not help the case of plaintiff. His duty required him to stop at a safe distance from the crossing before the train passed. This he failed to do. The collision was within forty or fifty feet of the crossing, and the momentum of her high speed carried the mare upon the track in two or three seconds thereafter. Had plaintiff exercised due care, and stopped his mare when he should have done so, probably no collision with the delivery wagon would have occurred, and, had it occurred, plaintiff, with his mare and cart, would not have been precipitated on the railroad track.

Plaintiff testifies that just before the collision he saw the train and thought it four or five hundred feet away from the crossing. It is argued that if the jury believed the train was that distance in the rear of plaintiff they might properly acquit him of negligence in attempting to make the crossing in front of it. There is no sufficient evidence, notwithstanding plaintiff's estimate of the distance, to support a finding that the train was one half that distance from the crossing when the delivery wagon collided with

plaintiff's cart. The proof is abundant and convincing that, at a point less than 300 feet from the crossing, plaintiff and the train were nearly opposite each other. But, however this may be, if the train was apparently four or five hundred feet away from the crossing when plaintiff was forty or fifty feet therefrom, we still think that it was plaintiff's duty to stop and let the train pass. If men will take such risks as plaintiff here took, they must be left to suffer the consequences if disaster results. Such negligence sometimes causes the wrecking of railroad trains and the destruction of life and property, and the whole public has a vital interest in maintaining in their vigor all rules of law ordained to avert such disasters. These rules should never be relaxed by the courts.

We hold that it is conclusively proved that plaintiff was guilty of negligence which contributed directly to the injuries of which he complains. This defeats his action, and it becomes unnecessary to determine whether the railroad company is chargeable with negligence. The court should have directed a verdict for defendant.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.